## Nagle v. Nagle's Executors.

*Mook & Randall,* for plaintiff; *Sherwin & Carroll,* for defendants.

GRAFF, P. J., thirty-third judicial district, specially presiding, January 21, 1931.—The plaintiff instituted this action of trespass to recover damages caused by the publication of a certain paragraph in the will of Theodore M. Nagle, deceased. The decedent died on August 27, 1925, and his will, dated September 20, 1924, was probated the next day. This action was instituted July 10, 1930. At the audit of the estate of the decedent, Theodore M. Nagle, in the Orphans' Court of Erie County, the plaintiff presented a petition claiming damages for the alleged defamatory statement in the decedent's will. The case came on to be heard before Judge Trimble of Allegheny County, specially presiding, and in an exhaustive and complete opinion filed it was held that jurisdiction of the matter was in the common pleas court. An order was made, withholding $150,000 from distribution in the estate, pending the outcome of any action instituted by the claimant in the court of common

pleas. The defendants filed an affidavit, in the nature of a demurrer, raising certain questions of law, and also a motion for judgment of non pros. The case now comes before us upon said pleadings.

The part of the will upon which this action is based reads as follows:

"I have two children only, viz.: a daughter, Edith A. Nagle, and a son, Bailey B. Nagle; should any other person claim such relationship to me and claim the right to participate in the distribution of my estate, the claim would be a fraud, and I direct that no compromise be entered into under any circumstances or conditions, with anyone claiming such relationship, but such fraudulent claim ought to be resisted to the last, the money necessary to carry out these instructions, of course, to be paid out of my estate."

The plaintiff, Theodora M. Nagle, was born during the lawful wedlock of Theodore M. Nagle and Agnes D. Nagle, his wife, on March 7, 1897. Nagle and his wife were divorced by a decree of the Court of Common Pleas of Erie County upon August 2, 1897. That the plaintiff was the lawful child of the deceased, Theodore M. Nagle, was judicially determined by the courts of Philadelphia County and the Supreme Court of Pennsylvania. The plaintiff has been recognized and known as the daughter of Theodore M. Nagle and has always been of good reputation, prior to the probate of the testator's last will. Considerable real estate was owned by the decedent at the time of his death, and the record of the probate of his will was published in the newspapers. The will is now and always will be a public record, continuously imputing that the plaintiff is not the testator's child and daughter, and has injured her social standing, and is defamatory and libelous. All of these foregoing statements are admitted as being true in the affidavit of defense.

The defendants contend in the affidavit of defense that: "The statement in the will of the decedent alleged to be libelous and defamatory is not so in law."

It is difficult to conceive of a more malicious and venomous invasion of the right of privacy and traduction of good reputation than is disclosed in this case. It is properly said by Judge Trimble in his opinion in the orphans' court:

"Testator could have disposed of the whole of his estate without mention of or reference to petitioner, but he besmirched her reputation, and exposed her· to continuous disgrace and scorn, for at least all of her life, and the life of all her friends. These admissions unfold an attack by the testator, to be effective after his death, on a woman who is without fault, and who now claims the corrective power of the law."

The action instituted by the plaintiff is not one of libel in its true sense. Abatement is an incident of common-law libel, and is so made in this state by act of assembly. However, the action complained of in this case did not arise until after the death of the decedent. That malicious and defamatory statements contained in a will are actionable has been held in two reported cases, and we have been able to find none holding to the contrary. In Gallagher's Estate, 10 Dist. R. 733, Judge Hawkins states as follows:

"It will thus be seen that testamentary attack is not, in a strict sense, libel, but, to use the inaccurate expression of the books, only in the nature of it, for the obvious reasons: ·

"(a) That action cannot be brought in the wrongdoer's lifetime; and

"(b) It does not grow out of temporary excitement, but is deliberate, is made a public record, and is far-reaching in its effect; and the justice of relief is at least as appropriate as that which has been given in other cases."

Again, in Harris *v.* Nashville Trust Co., 128 Tenn. 573, 162 S. W. 584, the Supreme Court of Tennessee held that the publication, in the probate of a will, of a statement similar to the one complained of in this case, was actionable. The court stated in that case as follows:

"A tort has certainly been committed with respect to the rights of this plaintiff.

"The enjoyment of private reputation *unassailed* is a right entitled to the protection of the law and of the constitution as much as other rights to the possession of life, liberty, or property. . . .

"To traduce one's private reputation—to invade the enjoyment of this reputation—is, of course, a breach of the legal duty one owes to another, and is a tort for which an action will lie. If such a wrong be committed by written words, upon publication of such writing, an action for libel at once accrues to the party injured.

"It is libelous *per se* to charge one in print or writing with being illegitimate, and no special damages need be averred in a declaration founded on a libel of this character. . . .

"No more effective means of publishing and perpetuating a libel can be conceived than to secure the inscription of such matter on court records, as by probate of a will. The libel is not only permanently recorded, but in this case will be of widespread circulation for many years. This testator was the owner of considerable real estate, and every time a transfer of any of this property is made and an examination of the title necessitated, this will must be scrutinized, and the libel thus published will be called to the attention of parties interested. The stigma placed by the testator upon this plaintiff and her descendants will be thus made conspicuous for years to come."

We have no difficulty in arriving at the conclusion that a serious wrong has been done the plaintiff in this case, and that her right of privacy has been invaded by a malicious, defamatory and unwarranted publication. A cause of action has arisen for which the law provides a remedy. It is contended in the affidavit of defense that any right of action which the plaintiff might have abated upon the death of the decedent. It is sufficient to say in this respect that the cause of action did not arise until after Theodore M. Nagle's death, and, therefore, could not abate. The maxim *"Actio personalis moritur cum persona"* does not apply, for this maxim implies that the cause of action existed in the lifetime of a person, and, consequently, abated with his death. As stated by the court in Harris *v.* Nashville Trust Co., *supra:*

"The right of action here asserted never had any existence during the lifetime of the deceased, Woodfin. It did not accrue until the publication of the libel, made by the probate of the will after testator's death. . . .

"So the tort upon which this suit is based was not committed until after the death of Woodfin. This right of action arose after Woodfin's death, and could not have been buried with him. The case therefore falls without the letter of the old rule."

This question was also discussed in Gallagher's Estate, *supra*, in which case the same conclusion as that set forth in Harris *v.* Nashville Trust Company was arrived at.

In the motion for a judgment of non pros., the defendants contend that this action is barred by the statute of limitations. By act of assembly the limitation for actions of libel and slander is one year from the time of the alleged publication. See Act of April 25, 1850, P. L. 569, section 35. This action, however, is not the case of libel and slander referred to in this act of

assembly, which abates on the death of the libelor. The action is one of trespass on the case, arising subsequent to the death of the libelor, and is a malicious and defamatory invasion of the right of privacy of the plaintiff. Actions of trespass on the case are not barred until after six years: Act of March 27, 1713, 1 Sm. Laws, 76, section 1.

The plaintiff's rights are determined by an action of trespass, which would have been trespass on the case at common law, and it was so held in Gallagher's Estate, *supra*. Inasmuch as the action in this case was instituted within a period of six years subsequent to the probate of the will, it is not barred.

### Order.

And now, January 21, 1931, the motion for judgment for non pros. is refused and rule heretofore granted discharged. The affidavit of defense in the nature of a demurrer is overruled and dismissed, and the defendants are directed to file an affidavit of defense upon the merits within a period of fifteen days.